## FORD v. MITCHELL et al.

(Court of Civil Appeals of Texas. Austin. March 20, 1912. Rehearing Denied April 10, 1912.)

1. JUSTICES OF THE PEACE (§ 43*)—JURISDICTION—VERDICT AS FINDING OF JURISDICTION OF COURT.

The verdict of a jury, in an action for the recovery of two mules, begun in a justice's

court, returned in a trial of the case in the county court after appeal from a judgment for the plaintiff below, was equivalent to a special finding that the mules were of value not exceeding $200, as alleged; so that the subject-matter of the action was within the jurisdiction of the justice's court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 149–156; Dec. Dig. § 43.*]

2. JUSTICES OF THE PEACE (§ 31*)—JURISDICTION—EFFECT OF PLEADING.

The latest pleading in a justice's court determines jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 71; Dec. Dig. § 31.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by Mrs. M. F. Mitchell and others against N. B. Fisk, with cross-action by Fisk against J. N. Ford. Judgment for plaintiffs against Fisk and in favor of Fisk against defendant Ford, and said defendant appeals. Affirmed.

Anderson & Dumas, of San Angelo, for appellant. Wright, Wynn & Bartholomew and C. E. Dubois, all of San Angelo, for appellees.

JENKINS, J. Mrs. Mitchell brought suit in justice's court against N. B. Fisk to recover two mules of the alleged value of $200, and procured a writ of sequestration to be levied upon them. Fisk filed an answer, alleging that the mules were of greater value than $200, and that said value had been alleged to fraudulently obtain jurisdiction by the justice's court. He also asked that appellant Ford be made a party defendant, alleging that he had purchased the mules from Ford, and asked for judgment against Ford for $200 and for $3 a day after the mules were taken from him, in the event judgment should be in favor of Mrs. Mitchell.

When the case was called for trial in the justice's court, Fisk amended his pleadings by orally asking judgment against Ford for $200, and abandoning his claim of $3 a day for the use of said mules. Ford excepted to the pleadings of Fisk, and answered as follows: "For special answer herein, comes the defendant J. N. Ford, and says that the matter in controversy, as described and alleged in plaintiff's cause of action, upon which the defendant N. B. Fisk bases his cross-action against this defendant, exceeds in value, exclusive of interest, the sum of $200—that is, that the reasonable market value of said mules, and the actual value there-of, is not less than $215, and that same is exclusively cognizable before the county court; that plaintiff has falsely and fraudulently alleged the value of said mules (being the subject-matter in controversy herein) to be the sum of $200, for the purpose of giving this court jurisdiction."

There was a judgment in the justice's court for appellee Mitchell against appellee Fisk for the mules, and judgment over in favor of Fisk against appellant Ford for $200, from which judgment Ford appealed to the county court. In the county court, Fisk filed a written answer, which consisted of exceptions to appellee Mitchell's petition, general denial, and a cross-action against Ford, asking to recover the value of said two mules, which he alleged to be $100 each, in the event judgment should be against him in favor of Mrs. Mitchell. Appellant again excepted to Fisk's cross-action, and alleged that Mrs. Mitchell had fraudulently represented the value of the mules to be only $200.

On trial of this case in the county court, all of said exceptions were overruled. The court instructed the jury, upon appellant's plea as to the value of said mules, that if they believed from the evidence that the reasonable market value of the mules at the time of the institution of this suit was more than $200, and that Mrs. Mitchell falsely and fraudulently alleged the value of said mules to be the sum of $200, for the purpose of giving jurisdiction to said justice's court, to find a verdict against her. The jury returned a verdict in favor of Mrs. Mitchell for the mules and in favor of Fisk against Ford for $200.

[1, 2] Appellant contends that the county court had no jurisdiction to try this cause. The verdict of the jury amounts to a special finding that said mules were of value not exceeding $200. It is true that appellee Fisk, in his original cross-action in the justice's court, sued Ford for $200, the value of said mules, and in addition thereto for $3 a day for the use of the same; but he amended his pleadings in said court and claimed only the sum of $200, and he filed a similar plea in the county court. Pleadings in the justice's court may be amended. R. S. art. 1605. The latest pleading in the justice's court determines jurisdiction. Railway Co. v. Hamilton, 108 S. W. 1002.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes